UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LLOYD D. SHIPLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-0485 (RJL) |
| | ) | |
| BUREAU OF PRISONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on defendants' motion to dismiss. For the reasons discussed herein, the Court will deny the motion without prejudice, and transfer this action to the United States District Court for the Eastern District of North Carolina.

I. BACKGROUND

Plaintiff is a federal prisoner who currently is incarcerated at a Federal Correctional Institution in Butner, North Carolina ("FCI Butner"). He is legally blind, *see* Mem. of P. & A. in Supp. of Defs.' Mot. to Dismiss ("Defs.' Mem."), Ex. B (Health Services Clinical Encounter dated June 9, 2009) at 1, and has undergone transplants of both corneas, Compl. at 8 (page number designated by the Court).[1]

---

[1] Plaintiff represents that he "received cornea transplants at the Aspen Center, Dallas Texas, ... in the fall of 1988, and did not experience any sight difficulties until Februar[y] 1995, when he was incarcerated and medications were taken from him by the United States [M]arshal[]s." Pl.'s Mot. and Argument in Opp'n to Defs.' Mot. to Dismiss at 2. He alleges that the deprivation of medications and lack of proper treatment while incarcerated "resulted in the need for ... cornea transplant operation[s] in 2004 and 2005." *Id.* at 2.

1

In February 2007, plaintiff began to "experience[] extreme eye pain," Compl. at 8, which he reported to medical staff at the Butner Federal Medical Center ("FMC Butner") on several occasions, *id*. Both eyes had become infected, and plaintiff underwent a procedure at the Duke Medical Center in May 2007 designed to stop the leakage of fluid from the eyes and to relieve the pain. *Id*. Apparently the procedure was not effective, and plaintiff again experienced extreme pain . *Id*. He complained of his condition to medical staff, and in June 2008 he was returned to the Duke Medical Center for treatment. *Id*. Notwithstanding instructions to return one month later, plaintiff was not sent back to Duke Medical Center until December 18, 2008. *Id*. at 9. Plaintiff neither has received further treatment at FMC Butner staff nor has been referred elsewhere for treatment. *Id*.

Plaintiff attributes the deterioration of his eyesight and eye pain to defendants' refusal to provide adequate medical care for his eyes, *see* Compl. at 8-9, and defendants' alleged deliberate indifference to his medical needs have "caused [him] to suffer and endure extreme harm and physical damages, in addition to excru[c]iating pain to the eyes." *Id*. at 10. These allegations are the basis of his claim under the Eighth Amendment to the United States Constitution "to be free from Cruel and Unusual Punishment[.]" *Id*. Because defendants allegedly have refused to address grievances he has filed through the BOP's Administrative Remedy Program, he alleges violations of his rights to due process and equal protection under the Fifth Amendment to the United States Constitution. *Id*. at 10. In addition, plaintiff contends that the defendants "conspired to and have also deprived [him] of his Civil and Constitutional Rights under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments." *Id*. at 11. He demands injunctive relief and compensatory and punitive damages. *Id*. at 12.

Defendants Lappin, Ramsey, Libero, Blair, Bonner, Spiller, Hunter-Busky, and Autry are sued both in their official capacities and in their individual capacities under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See* Compl. at 6-7. Defendants Watts and Johns are sued in their official capacities only. *See id.*[2]

In addition, plaintiff brings a negligence claim against the United States under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. 1346(b), and demands damages of $1 million.[3] *See* Compl. at 2-3; Defs.' Mem., Ex. J (Cox Decl.), Ex. C (Claim for Damage, Injury, or Death dated October 9, 2008).

## II. DISCUSSION

Defendants move to dismiss on the grounds that the Court lacks subject matter jurisdiction and personal jurisdiction, improper venue, insufficient service of process, and for failure to state a claim upon which relief can be granted. Although certain of defendants' arguments are meritorious, the Court focuses on one: improper venue. *See* Defs.' Mem. at 16-17. "Courts in this [jurisdiction] must examine challenges to . . . venue carefully to guard against the

---

[2] Defendant Presbyla has been dismissed. *See* September 29, 2009 Minute Order.

[3] In his FTCA claim, plaintiff alleged that his "sight began to get worser [sic]" after cornea transplants in 2004 and 2005. Defs.' Mem., Ex. J (Cox Decl.), Ex. C (FTCA claim dated October 9, 2008). The BOP denied the claim on October 27, 2008. *Id.*, Ex. D (October 27, 2008 letter from M.T. Finseyamore, Regional Counsel, Mid-Atlantic Region, BOP, regarding Administrative Tort Claim Number TRT-MXR-2007-00417). Plaintiff described his injury as follows:

> Irreversable [sic] damages and injury to eyes do [sic] to medical staff's refusal to act immediately to treat the first injury and allowing me not to get the medical attention at right time.

*Id.*, Ex. C.

danger that a plaintiff might manufacture venue in the District of Columbia." *Cameron v. Thornburgh*, 983 F. 2d 253, 256 (D.C. Cir. 1993).

Plaintiff asserts that the District of Columbia "is . . . the most convenient forum" because "two of the defendants, including Harley G. Lappin, Director of the [BOP], is located in Washington, D.C." Compl. at 3. Defendants argue that, "[t]o the extent [the] complaint can be construed as making claims against the [i]ndividual [d]efendants personally," the complaint must be dismissed for improper venue. Defs.' Mem. at 16.

In a civil action where the Court's jurisdiction is not based solely on diversity of citizenship, such as this case, venue is proper in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). Insofar as the BOP is headquartered in the District of Columbia and its Director and Administrator of National Appeals are named defendants in their official capacities, venue in this district is not improper. *See Nestor v. Hershey*, 425 F.2d 504, 521 n.22 (D.C. Cir. 1969) ("Where a public official is a party to an action in his official capacity he resides in the judicial district where he maintains his official residence, that is where he performs his official duties." (internal quotation marks and citations omitted)). However, all the individual defendants, seven of whom are BOP employees at FCI Butner, are sued in both their official and individual capacities. Venue is not proper in this district under any of the provisions of 28 U.S.C. § 1391(b) with respect to these defendants in their individual capacities: all of the defendants do not all reside in the District of Columbia, no substantial part of the events giving

4

rise to plaintiff's claim took place here, and this is not a case in which no other district is available. Rather, a substantial part of the events giving rise to plaintiff's claims occurred in North Carolina while plaintiff has been incarcerated at FCI Butner, and the individuals most closely involved with the provision or deprivation of medical care are assigned to that facility.

An action brought under the FTCA "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b).[4] "Under the prevailing interpretation of section 1402(b), venue is proper in the District of Columbia if sufficient activities giving rise to plaintiff's cause of action took place here." *Franz v. United States*, 591 F. Supp. 374, 378 (D.D.C. 1984). The events giving rise to plaintiff's FTCA claim occurred principally in North Carolina, where plaintiff currently is incarcerated.

In a case filed in a jurisdiction in which venue is improper, the Court shall either dismiss or, in the interest of justice, transfer the action to any other district where it could have been brought. 28 U.S.C. § 1406(a). The decision to transfer an action on this ground is left to the discretion of the Court. *See Novak-Canzeri v. Saud*, 864 F. Supp. 203, 207 (D.D.C. 1993). The Court may transfer an action even though it lacks personal jurisdiction over the defendants. *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983), *cert. denied*, 467 U.S. 1210 (1984). Transfer is appropriate under § 1406(a) "when procedural obstacles 'impede an

---

[4] Only the United States is a proper defendant to a claim under the FTCA. 28 U.S.C. §§ 1346(b)(1), 2679(a); *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 29 (D.D.C. 1990). Plaintiff is proceeding *pro se*, and the Court construes his complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). His intention to bring the FTCA claim against the United States is apparent, and a pleading defect of this nature may be remedied by amending the complaint. *See Moore v. Agency for Int'l Devel.*, 994 F.2d 874, 877 (D.C. Cir. 1993) (commenting that "leave to amend is particularly appropriate when a plaintiff proceeds *pro se*").

expeditious and orderly adjudication . . . on the merits.'" *Sinclair v. Kleindienst*, 711 F.2d 291, 293-94 (D.C. Cir. 1983) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962)); *Crenshaw v. Antokol*, 287 F. Supp. 2d 37, 45 (D.D.C. 2003) (stating that the "lack of venue should not bar resolution of the plaintiff's claims on the merits," and transferring the case to the district where "venue would be proper and the defendants would be subject to personal jurisdiction"). Such procedural obstacles include "lack of personal jurisdiction, improper venue, and statute of limitation bars." *Sinclair v. Kleindienst*, 711 F.2d at 294. "The interest of justice . . . generally requires transferring such cases to the appropriate judicial district rather than dismissing them." *Davis v. Am. Soc't of Civ. Eng'rs*, 290 F. Supp. 2d 116, 120 (D.D.C. 2003) (citations omitted).

Plaintiff remains incarcerated at FCI Butner, and most of the individual defendants apparently reside in North Carolina and work at FCI Butner. It appears that the Eastern District of North Carolina has personal jurisdiction over most of the individual defendants, and any deficiencies with respect to the service of process can be corrected. It is likely that witnesses, medical records and other evidence are located in North Carolina.

Assuming without deciding that the claims set forth in the complaint are meritorious, they are better addressed in the United States District Court for the Eastern District of North Carolina. The Court will transfer this action. *See, e.g., Galindo v. Gonzales*, 550 F. Supp. 2d 115, 117 (D.D.C. 2008) (transferring civil action filed by federal prisoner to the district in which he was incarcerated); *Armstrong v. Lappin*, 630 F. Supp. 2d 73, 77 (D.D.C. 2009) (transferring *pro se* prisoner's FTCA action alleging an attack while confined at the Metropolitan Correctional Center in New York City to the Southern District of New York); *Autry v. United States*, No. 08-

0605, 2008 U.S. Dist. LEXIS 67161, at *2 (D.D.C. Sept. 3, 2008) (transferring *pro se* prisoner's action brought under the FTCA and *Bivens* to the district in which he was incarcerated); *Simpson v. Fed. Bureau of Prisons*, 496 F. Supp. 2d 187, 194 (D.D.C. 2007) (transferring prisoner's civil action brought under the FTCA and *Bivens* to the district having "personal jurisdiction over the two defendants most involved in the underlying disciplinary proceedings and [where] venue" is proper). Defendants' motion to dismiss will be denied without prejudice.

An Order accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

DATE: 8/5/10